## E. T. Millsaps v. The State.

No. 1419. Decided January 26, 1898.

### 1. Forgery—Indictment—Purport and Tenor—Variance.

There is a fatal variance between the purport and tenor clauses of an indictment for forgery where the former alleges that the instrument purported to be the act of a corporation, and the instrument as set forth in the tenor clause showed it was signed by the president and secretary of the corporation as such officers. If a purport clause is inserted (which is not required) in an indictment for forgery, it must describe the instrument accurately.

### 2. Same—Charge of Court.

On a trial for forgery, a charge of court is erroneous and upon the weight of evidence, which instructed the jury that "when an instrument is shown to be a forgery under the rules of law, as herein stated, and shown to be in the possession of some one (other than the person whose act it purports to be), such possession, standing alone, is sufficient to warrant a conviction for the execution of the same."

APPEAL from the District Court of McLennan. Tried below before Hon. SAMUEL R. SCOTT.

Appeal from a conviction for forgery; penalty, two years and six months imprisonment in the penitentiary.

No statement of facts in the record.

*Cunningham & Cunningham & McCollum*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of two and one-half years; hence this appeal.

No statement of the facts appears in the record. The only questions raised are as to the sufficiency of the indictment and the charge of the court. The charging part of the indictment is as follows:

"One E. F. Millsaps, without lawful authority, and with intent to injure and defraud, did willfully and fraudulently make a false instrument in writing, which said false instrument is to the tenor following:

"Incorporated under the Laws of the State of Texas.

| "Number. | | Shares. |
|---|---|---|
| "00. | Waco Hardware Company, Waco, Texas. | Ten. |

"This certifies that E. F. Millsaps is the owner of ten shares, of one hundred dollars each, of the capital stock of Waco Hardware Company, full paid and non-assessable, transferable on the books of the corporation, in person or by attorney, on surrender of this certificate.

"In witness whereof, the duly authorized officers of this corporation have hereto subscribed their names, and caused the corporate seal to be hereto affixed, Waco, Texas, this first day of October, A. D. 1896.

"C. H. STOREY, Secretary.          ED STRAUSS, President.

"Shares,
"100
"Each.

—"and which said false instrument, as herein and heretofore set out, purports to be the act of the 'Waco Hardware Company, Waco, Texas,' being then and there a corporation, against the peace and dignity of the State."

On the trial, appellant objected to the introduction of the forged instrument, on the ground that there was a variance between the instrument offered in evidence and the purport clause of the indictment, and, in the motion for a new trial and in arrest of judgment, set up the fact that there was a fatal variance between the purport and tenor clauses of the indictment, in this: The tenor clause sets out an instrument signed "C. H. Storey, secretary," and "Ed Strauss, president," and the indictment alleges that the forged instrument purports to be the act

of the "Waco Hardware Company, Waco, Texas." Referring back to the indictment, it will be seen that his contention in this respect is correct. No doubt, the idea of the pleader was that, inasmuch as the corporation acted by its officers, it was proper simply to allege that it purported to be the act of the corporation, whereas in truth and in fact it simply purported to be the act of C. H. Storey, secretary, and Ed Strauss, president. In connection with their signatures in the execution of the instrument, it is not even alleged that they were authorized officers of the corporation. In a civil case, good pleading would require, in order to charge a corporation with liability, an allegation that these parties were the authorized officers of said corporation, and that the corporation acted by them; and it is believed the rule is more stringent in this regard in criminal cases than in civil. At any rate, this court has followed the current of authority on this subject, and by a number of decisions the rule has been laid down that there must be a conformity and an accuracy between the purport and tenor clauses of an indictment which charges forgery. See Campbell v. State, 35 Texas Crim. Rep., 182; Stephens v. State, 36 Texas Crim. Rep., 386, and Thulemeyer v. State, ante, p. 349. We hold that the pleader, if he felt himself bound to set out the purport of said instrument in the indictment (which he was not required to do), he should have done so accurately, and should have alleged that it purported to be the act of "C. H. Storey, secretary, and Ed Strauss, president," with the allegation that they were, respectively, secretary and president of said corporation.

Appellant also reserved a bill of exceptions to the following charge of the court: "And in this connection you are also charged that when an instrument is showed to be a forgery under the rules of law as herein stated, and shown to be in the possession of some one (other than the person whose act it purports to be), such possession, standing alone, is sufficient to warrant a conviction for the execution of the same." As stated before, there is no statement of the facts in this record, and we have endeavored to conceive if any statement of facts would authorize the giving of this charge, which instructs the jury that if the instrument is shown to be forged, and the possession thereof is shown to be in some one other than the person whose act it purports to be, this, standing alone, would be sufficient to warrant a conviction for the execution of the same. This would be, in effect, telling the jury that if the evidence shows that the instrument was not the authorized act of the Waco Hardware Company, and it was found that the instrument purported to be the act of the Waco Hardware Company, by its officers, and was not authorized by it, but if it was found in the possession of the appellant, this circumstance alone would authorize the jury to convict the defendant. This charge is unquestionably on the weight of the testimony, and no statement of facts would authorize the court to give such a charge. The judgment is reversed, and the cause is dismissed.

*Reversed and dismissed.*