**Wayne B. AMES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46388.**

Court of Criminal Appeals of Texas.

July 17, 1973.

Rehearing Denied Oct. 24, 1973.

Lee A. Chagra, El Paso, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted by jury verdict of the offense of forgery of an endorsement. Punishment was assessed at seven years probated.

The first three grounds contend error of the trial court in failing to sustain appellant's motions to dismiss the indictment because of a fatal variance between the purport and tenor clauses of the indictment.

The indictment, omitting the formal parts, charges that on or about September 8, 1970, appellant "did then and there unlawfully and without lawful authority and with intent to injure and defraud, make a false instrument in writing, purporting to

be the act of another, to-wit, the act of endorsement, by then and there writing on the back of a draft then and there of the tenor following:

4 DRAFT NO. 197643 a ???

TO: THE COMPANY SHOWN ON THE REVERSE SIDE BY CODE NUMBER

AGENCY R. L. Young Insurance, Abilene, Texas
DATE OF DRAFT MO. 09 DAY 08 YEAR 70

I.D. 22 | POL. SYM. AFT | POLICY NO. 6984502 | 15 | DATE OF LOSS MO. 09 DAY 25 YEAR 69 | UNDERWRITING LOCATION Dallas | KEY 192 | FILE NO. | SFX | CL. SYM.

INSURED F. M. Pruitt

INSURED'S CODE

UPON ACCEPTANCE PAY TO CHESTER POPE, JR.

THE SUM OF Seventy-five and 33/100×××××××××××××××××××××××××××××××××××× DOLLARS $ 75.33

NATURE OF PAYMENT Full & final of all claims arising from accident occurring 9/25/69.

*Harlon E. Perrin*

PAYABLE THROUGH FIRST NATIONAL BANK IN DALLAS DALLAS, TEXAS

A9220

⑈197643⑈ ⑆1110⑈0001⑆ 00 3019 7⑈ ⑈00000007533⑈

---

the name of Chester Pope, Jr. so as to thereby make said false endorsement appear as an endorsement of said draft and in such manner that the said false endorsement so made would, if the same were true, have created a pecuniary obligation and have transferred said draft."

In the instant case the purport clause reads: " . ., . purporting to be the act of another, to-wit, the act of endorsement, . . .," and the tenor clause includes only the front of an instrument set forth by its tenor appearing to be a genuine instrument in writing made by Harlon E. Perrin and naming Chester Pope, Jr. as payee therein. In addition there is the explanatory averment in the indictment that appellant committed forgery by then and there writing on the back of a draft then and there of the tenor following: " . . . the name of Chester Pope, Jr."

▆ The face of the draft alleged to be the subject of the forged endorsement is set out in haec verba in said indictment, and shows that both the maker and the payee are different persons from the appellant. Under such circumstance, it is not necessary that the indictment aver that the forgery puports to be the act of another.

Wisdom v. State, 122 Tex.Cr.R. 271, 54 S. W.2d 533. However, in the instant case, the indictment does contain a purport clause. It does not pertain to any person but rather pertains to the act of endorsement. The terminology "act of endorsement" therein is descriptive, not of the word "another" but of the word "act."

▆ Any variance between the purport clause and the tenor clause as to whose act the instrument purports to be is fatal. 3 Branch's·Ann.P.C.2d, Sec. 1580, and cases cited therein. This is true even though it was unnecessary to include a purport clause. Millsaps v. State, 38 Tex.Cr.R. 570, 43 S.W. 1015. The issue presented is, then, whether a purport clause that merely describes the act of endorsement rather than an act of a named person causes such a variance that would vitiate the indictment. The indictment can not reasonably be construed as charging that appellant forged the face of the instrument, or the maker's name; it expressly alleges the forgery as consisting of the endorsement by appellant of the payee's name on the back of the draft.

▆ As previously stated, it is apparent from the face of the instrument or draft

that Chester Pope, Jr. was the payee. Also, the appellant's name does not appear on the face of such instrument or draft. The clause appellant complains of is not a purport clause as to "who" committed the act, but is rather a purport clause as to what act was committed; namely, the act of forgery of an endorsement as opposed to forgery of an instrument. As such, no material variance exists between the purport clause and the tenor clause. The face of the indictment satisfactorily apprises appellant of the charges against him.

Appellant's first, second and third grounds of error are overruled.

Appellant summarizes his grounds of error four through seven as follows:

"The trial court erred in failing to grant appellant's motions to quash and to dismiss the indictment because the indictment is vague, general and indefinite and fails to allege the constituent elements of the offense charged as required by Articles 21.03, 21.04 and 21.11, V.A. C.C.P."

■ The indictment in the case at bar was taken verbatim from Volume 3, Branch's Ann.P.C. of Texas, 2nd Edition, Sec. 16.09.2. Ordinarily an indictment drawn in the language of the statute is sufficient. Neill v. State, Tex.Cr.App., 225 S.W.2d 829. The indictment alleges forgery of the endorsement, Marks v. State, 318 S.W.2d 896, and as heretofore stated it is apparent from the face of the indictment that the allegation refers to the endorsement and not the instrument itself. Richards v. State, 116 Tex.Cr.R. 100, 29 S. W.2d 367.

Although the instant indictment identifies "the act of another to-wit, the act of endorsement," the indictment continues as follows: " . . . by then and there

writing on the back of the draft . . . the name of Chester Pope, Jr." It is apparent from the face of the indictment that the "act of endorsement" refers to the back of the instrument and, although the back of the instrument was not set out by its tenor, the averment explained the transaction alleged to constitute a forgery. The indictment alleges that appellant made a false instrument in writing purporting to be the act of another and expressly modifies this statement by specifically referring to the forged endorsement of Chester Pope, Jr., who is shown on the face of the draft to be the payee of an insurance company claim settlement draft. It was necessary that the written draft be set out in haec verba in the indictment. Harris v. State, 150 Tex.Cr.R. 137, 199 S.W.2d 522; Terry v. State, Tex.Cr.App., 471 S.W.2d 848.[1] This was done. The allegation of the false endorsement of the payee's name on the back of the instrument was sufficient without further copying the name of the payee in quotes. Appellant was sufficiently apprised of the alleged offense, and the variance, if any, is harmless.

■ Appellant also argues that the instrument did not, on its face, create a pecuniary obligation, so that without any explanatory averments in the indictment tending to show that the draft was not a contingent liability, or that if it was a contingent liability, the contingency had occurred, the indictment was insufficient to charge the offense. This contention is untenable. The instrument was an insurance company claim settlement draft, which, if true, would create a pecuniary obligation on the Continental Insurance Companies and would be sufficient as a basis for a civil action. With the payee's true endorsement, it would pass in commercial actions as a check. Consequently, it would be good as the basis of a forgery. Johnson v. State, 172 Tex.Cr.R. 224, 355 S.W.

---

1. This does not necessarily apply when the allegations show an impossibility to do so, as in lost instruments.

2d 529; 3 Branch's Ann.P.C.2d, Section 1587, p. 726.

It is clear that money was the legal object of the instrument in question. The insurance agent, Mr. Perrin, testified that "affixing the signature to the reverse side of the check would transfer the funds to the person handling the draft, and the draft would make its way back to the home of Continental Insurance Company." See Chowning v. State, Tex.Cr.App., 127 S.W. 2d 461.

The draft was in effect a check and the mere fact that the draft stated "upon acceptance pay to 'Chester R. Pope'" did not vitiate the fact that the instrument created a pecuniary obligation sufficient to maintain a civil suit. The true endorsement by Pope would have constituted an acceptance. See Dreeben v. State, 71 Tex.Cr.R. 341, 162 S.W. 501; Carrell v. State, 79 Tex.Cr.R. 198, 184 S.W. 217.

■ Further, the indictment is sufficient on its face because there are facts alleged necessary (1) to show that the offense was committed, (2) to bar subsequent prosecution for the same offense, and (3) to give notice of precisely what appellant is charged with. See Sassano v. State, 163 Tex.Cr.R. 345, 291 S.W.2d 323; Terry v. State, Tex.Cr.R., 471 S.W.2d 848. The indictment is sufficient to comply with aforementioned requirements. See Articles 21.03, 21.04, 21.11, Vernon's Ann.C.C.P.

Appellant's fourth, fifth, sixth and seventh grounds of error are overruled.

Appellant, in his summary of grounds of error seventeen, eighteen, and nineteen, contends that "the trial court erred in failing to grant appellant's motion for instructed verdict of acquittal because there was no evidence of probative force, the evidence was insufficient and the indictment did not support the evidence addressed so as to sustain the court in submitting a charge to the jury."

■ The record reflects the following evidence from State's witnesses:

Chester Pope, Jr., the named payee in the draft in question, testified that in 1968 he had employed appellant as his attorney to handle a matter involving an automobile collision. Appellant's services were quite satisfactory to Pope in this transaction. In September 1969, Pope had a car accident with a Mrs. Pruitt in which his car suffered some damage amounting to about $75.00. He discussed this with appellant, who told him that he would represent him in this matter without charging a fee since it only required writing a letter to the insurance company. Pope talked to appellant several times thereafter saying he needed the money in order to get his car fixed. He later, in September 1970, talked to Mr. Pruitt, who told him the claim had been settled. He next called Pruitt's insurance company, who also stated the matter had been settled.[2] A detective came to talk to Pope about this. Pope called appellant's office and learned that his telephone had been disconnected, and that he had left town.

On direct examination, Pope was handed the draft described in the indictment, admitted in evidence as State's Exhibit No. 1, the reverse side of which carried the purported endorsement of Chester Pope, Jr. He testified that he had never seen the draft before, that he had not executed the endorsement of his name, and that he had not authorized appellant or anyone else to write his name as an endorsement on the instrument, and that said endorsement was executed without his knowledge, permission or consent. He further stated that he had not received any of the proceeds from such draft. Pope was next shown an instrument purporting to be a "Release of all Claims" form releasing Mrs. F. M. Pruitt of all claims of Chester Pope, Jr., which was introduced in evidence as State's Exhibit No. 2. This instrument contained the signature "Chester Pope, Jr.," witnessed by

---

2. This testimony was elicited on cross-examination.

"Wayne B. Ames," the appellant, with an acknowledgment purportedly by Chester Pope, Jr., executed by appellant as notary public, dated September 9, 1970. Witness Pope denied having ever seen this instrument before, and stated that he had not signed same and that he did not appear before appellant as a notary public.

Harlon Perrin then testified that he worked as an insurance adjuster and handled a claim that Chester Pope, Jr. had against Mrs. F. M. Pruitt, and that he prepared a draft in settlement of such claim in the amount of $75.33, which he identified as being State's Exhibit No. 1. He mailed this to appellant as Pope's attorney. The draft was offered into evidence and over objections of appellant was admitted. Perrin further testified that such draft at the time of the trial was endorsed on the back thereof with the endorsements of Chester Pope, Jr., Wayne B. Ames, and the First National Bank, which endorsements were not on the draft when he mailed it to appellant. Further, Perrin was shown State's Exhibit No. 2, the release form, and stated that he had mailed same unexecuted to appellant as Chester Pope's attorney, and that later the release, fully executed, and notarized by appellant in Taylor County, as a Notary Public for Taylor County, Texas, was returned to him by appellant. The final witness for the State, W. R. Rainey, testified that he was Senior Vice-President and Cashier at the First National Bank in Abilene. Rainey was handed State's Exhibit No. 3 for identification which he described as records of said bank and which said exhibit was offered into evidence and admitted without objection. State's Exhibit No. 3 is a deposit slip dated September 11, 1970, showing a deposit to the account of appellant herein with the First National Bank of Abilene in the total amount of $145.33, which said total consists of two separate entries, one being designated "Pope $75.-33."

Appellant did not testify at the guilt stage, and did not call any witnesses.

Under Article 979, Vernon's Ann.P.C., the offense of forgery consists of the making, without lawful authority and with the intent to defraud, of a false instrument in writing, purporting to be the act of another, in such a manner the false instrument so made (if the same were true) would have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever. Under this Article, and Article 992, V.A.P.C., the fraudulent and false endorsement of the payee's name on the back of an instrument defined in Article 979 is included within the offense of forgery. See Marks v. State, 167 Tex.Cr.R. 167, 318 S.W.2d 896.

The direct testimony reflects that Pope had never seen the draft before, and that he had not given anyone permission to sign an endorsement to it. The record also reflects that appellant was acting as the attorney for Pope, and that the draft had been mailed to appellant and that appellant deposited in his bank account a sum of money which showed that one of the checks included was for "Pope $75.33." A short time thereafter, appellant disconnected his telephone and left town without disclosing to Pope the settlement or paying him the proceeds, or any of the proceeds, thereof. The State proved by direct evidence that appellant without lawful authority had the draft in question in his possession and deposited it in his account. The record further reflects that as a part of the transaction appellant as a notary public falsely stated that Pope had acknowledged the execution of a release of his claims against Pruitt. Since the State offered no direct evidence that appellant actually endorsed the aforementioned draft, the court submitted a charge on circumstantial evidence. The jury found the appellant guilty.

██ It must be remembered that, in determining the sufficiency of the evidence to support a conviction, it is the province of the reviewing court to determine only

whether there is any evidence which, if believed, shows the guilt of the accused. Peterson v. State, 157 Tex.Cr.R. 255, 248 S. W.2d 130; Ware v. State, Tex.Cr.App., 475 S.W.2d 282. We find the evidence sufficient to sustain the conviction and the court properly overruled appellant's several motions for an instructed verdict.

Appellant's grounds of error numbers seventeen, eighteen and nineteen are overruled.

Appellant contends in grounds of error eight through ten that "the trial court erred in admitting into evidence State's Exhibit No. 1 and any testimony thereon into evidence because the proof thereof did not conform to the instrument declared upon and pled by its tenor and there were no allegations on the face of the indictment sufficient to support such evidence over appellant's objection."

▆▆▆ Where the instrument alleged to be forged is set out in the indictment according to its tenor the writing offered in evidence must conform thereto with almost minute precision. (Branch's Ann.P.C.2d, Sec. 1588 and cases cited). The rule applies where the forgery alleged is endorsement, the entire instrument so altered by forged endorsement of the name of the payee being a forged instrument. Williams v. State, 164 Tex.Cr.R. 545, 301 S. W.2d 107. Explanatory averments in the indictment alleged that appellant made a false endorsement of the name of Chester Pope, Jr. on the back of the draft. The draft as copied in the indictment showed Chester Pope, Jr. to be the payee. Therefore, there was not a fatal variance between the indictment and the evidence when both the front and back of the draft were introduced into evidence.

▆▆▆ Appellant also complains that certain writings or stamp marks on the draft admitted into evidence and not plead in the indictment constitute a fatal variance. As stated in 25 Tex.Jur.2d, Forgery, Sec. 66:

"Thus, since notations on a check made after it has passed, such as endorsements, revenue stamps and memorandums, that constitute no part of the forgery relied on, need not be set out in the indictment, if they do appear in the record they constitute mere surplusage and unnecessary matter that does not create a fatal variance."

See also Bell v. State, Tex.Cr.App., 407 S.W.2d 225.

The markings and writings complained of by appellant are not part of the forgery relied on. Appellant's complaint is without merit.

Appellant further contends a variance between pleading and proof since he claims that the draft was a contingent liability and the State did not allege that the contingency had occurred. We have already decided that the draft was a present financial obligation in the form of an insurance claim settlement draft. This complaint is also without merit.

Appellant's eighth, ninth and tenth grounds of error are overruled.

▆▆▆ In grounds of error eleven through sixteen appellant contends "that the trial court erred in admitting into evidence, without limitation, State's Exhibit No. 2 which related to a collateral transaction tending to show an extraneous offense and further erred by failing to give limiting instruction in regard to the extraneous transaction."

▆▆▆ State's Exhibit No. 2, the "Release of all Claims" purportedly given by Chester Pope, Jr. to Mrs. F. M. Pruitt on the 9th day of September, 1970, and bearing the acknowledgment of appellant herein as a notary public, was admitted into evidence over objection of appellant. The basis of appellant's objection was stated in appellant's motion in limine to exclude any reference to or any attempted introduction of the release because the "release is inad-

missible into evidence under the rights afforded to defendant under Amendments IV, V, VI and XIV of the United States Constitution and the Constitution of the State of Texas . . . ." While this motion in limine was granted by the trial court prior to trial, the judge admitted the release into evidence. Proof of other forgeries is admissible in evidence when such proof is a part of res gestae, or if it tends to show intent, identity, or system when intent, identity or system is an issue or when it tends to connect defendant with the offense for which he is being tried. 3 Branch's Ann.P.C.2d, Sec. 1591, and cases cited therein. Collateral offenses which form a part of the same continuing design as the offense in question are admissible on the issue as a part of the State's main case. Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97; Harris v. State, 169 Tex.Cr. R. 143, 333 S.W.2d 142. The execution of the release form occurred only a day after the alleged forgery of the draft, and Perrin, the insurance agent, testified that the executed release form from the injured party was necessary before he closed out the claim. The introduction of the release form, while it may have shown another offense of forgery, did connect appellant to the offense for which he was being tried and was not remote in time, and was properly admitted in evidence by the court. Cf. Robledo v. State, Tex.Cr.App. 480 S.W.2d 401.

■ Appellant also contends in these grounds of error that the court failed to give proper limiting instructions in regard to the extraneous offense. The record before us, approved by counsel for appellant, reflects that a timely filed objection or written request instruction was not presented to the trial court for consideration. The record must reflect that objection and requested instructions are filed in a timely manner; therefore, appellant's grounds relating to the court's charge have not been properly presented for our review. Mosley

v. State, Tex.Cr.App., 490 S.W.2d 842; Sosa v. State, Tex.Cr.App., 494 S.W.2d 849. See Articles 36.15 and 36.16, V.A.C. C.P.

Appellant's eleventh through sixteenth grounds of error are overruled.

■ The appellant contends in his twentieth through twenty-fourth grounds of error that the trial court erred in allowing the State to prove up, for impeachment purposes during the punishment stage of the trial, a prior conviction which had been obtained in the Corporation Court of the City of Abilene.

After the jury returned a verdict of guilty, the State informed the court that it had no evidence to present on punishment, whereupon the defense called appellant to testify. During direct examination, appellant was asked if he had ever been convicted of a felony, which he stated he had not. Then, appellant's counsel asked, "Have you ever been convicted of a misdemeanor, or . . . any criminal offense?" Appellant answered, "No, I have not."

On cross-examination, the District Attorney asked appellant:

"Are you the same Wayne Beaumont Ames who was convicted in the Corporation Court of Abilene, Texas on the 25th day of February for the offense of indecent exposure?"

Appellant answered:

"I was not convicted, I was filed on and posted bond and I did not appear and there was no conviction."

Appellant objected and moved for a mistrial. Subsequently, for the purpose of the record only, the arrest report, the complaint, the bond and the Corporation Court record showing this conviction were introduced for the purpose of showing good faith by the District Attorney. Subsequently, outside the presence of the jury, the court withdrew his prior instruction to

the jury to disregard and held that the conviction was admissible for impeachment, and such records were admitted in evidence.

Appellant was once again asked if he had been convicted and he admitted that he was the same person shown in the arrest report, but that he had never made a court appearance and had merely forfeited bond.

Since appellant admitted that he was the same person arrested, his contention that there is no evidence to show that he is one and the same person convicted is wholly without merit. Further, appellant made blanket statements concerning his exemplary conduct. In such cases, the State may refute such testimony despite the nature of the conviction used or its remoteness. Ochoa v. State, Tex.Cr.App., 481 S. W.2d 847; Stephens v. State, Tex.Cr.App., 417 S.W.2d 286; Gilmore v. State, Tex. Cr.App., 493 S.W.2d 163.

Appellant's twentieth, twenty-first, twenty-second, twenty-third and twenty-fourth grounds of error are overruled.

In his last five grounds of error, twenty-five through twenty-nine, appellant complains that "the trial court erred in failing to give appellant's requested instructions in his charge to the jury and also in failing on his own motion to give limiting instructions in regard to certain evidence and exhibits."

Appellant argues that the trial court generally erred in failing to give all of his requested instructions. Appellant made numerous requested charges, some of which were substantially granted by the court and others were overruled. Appellant's failure to set out his argument under each of these grounds of error renders them multifarious. Since appellant failed to comply with Article 40.09, Sec. 9, V.A. C.C.P., nothing is presented for review. Langham v. State, Tex.Cr.App., 473 S.W. 2d 515, Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728. We have examined the trial court's charge to the jury, and we find that it adequately submits all of appellant's defensive theories raised by the evidence.

Appellant's last five grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.