849·15

IN THE COURT OF
CRIMINAL APPEALS AT
AUSTIN, TEXAS

ORIGINAL

---

FRANK ANTHONY EVANS, JR.

APPELLANT, PRO SE

VS.

THE STATE OF TEXAS

---

Appealed from the Court of Appeals Cause NO.12-14-00053-CR
As consolidated and From the 7th District Court of Smith County,
Texas Cause NO. 007-1297-13

---

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

(1)

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT PRO SE ON "PDR"

FRANK EVANS JR. TDCJ-ID# 1912350

ALFRED D. HUGHES UNIT

RT 2 BOX 4400

GATESVILLE, TEXAS 76597


ATTORNEY FOR APPELLANT ON FIRST DIRECT APPEAL

AUSTIN REEVE JACKSON

TEXAS BAR NO. 24046139

112 EASTLINE SUITE #310

TYLER, TEXAS 75702

Telephone# (903) 595-6070


ATTORNEY FOR THE STATE, FIRST DIRECT APPEAL

D. MATT BINGHAM

SMITH COUNTY DISTRICT ATTORNEY

100 NORTH BROADWAY, 4th floor

TYLER, TEXAS 75702

# INDEX OF AUTHORITIES

BISHOP VS. STATE, 869 SW 2d 342, (TEX.CRIM.APP. 1993)............pg.7,8

FISCHER VS. STATE, 235 SW 2d 470, (TEX.APP. SAN-ANTONIO 2007)....pg.6,7,9

FORD VS. STATE, 484 SW 2d 727, (TEX.CRIM.APP. 1993).............pg. 7

HARRELL VS. STATE, 884 SW 2d 154, (TEX.CRIM.APP. 1994)..........pg.6-8

McNEIL VS. STATE, NO.04-12-00018-cr,(2013 TEX.APP.LEXIS 4234)....pg.8

TAYLOR VS. STATE, 920 SW 2d 319, (Tex.Crim.App 1996)............pg.8

I. Trial court erred in admitting evidence under rules 404 (b) &
403 .......... ~~page~~ 6, 7, 8

## RULES

TEXAS RULES OF EVIDENCE 404(b) ...pg 6,7,9

TEXAS RULES OF EVIDENCE 403 ....... pg 6,7,9.

## PRO SE PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE JUSTICE OF THE COURT:**

Comes now, **FRANK ANTHONY EVANS, JR.,** petitioner pro se and files this Petition For Discretionary Review pursuant to Rule 68.4 of the Texas Rules of Appellant Procedure and would show the Honorable Court as follows:

## STATEMENT REGARDING ORAL ARGUMENT

No Oral Argument is requested by appellant pro se, therefore Oral Argument is waived by this party. And in its discretion, the Court of Criminal Appeals may decide this cause without oral argument because argument would not significantly aid the court in determining the issues presented. **See TRAP.RULE 39.8**

## STATEMENT OF THE CASE

Frank Evans appeals his conviction and sentence for the felony offense of Forgery, rendered against him in the seventh distric court of Smith County, Texas**(ICR-144).** Mr. Evans was indicted for this offense in October of 2013 and proceeded to trial by jury in Febuary of 2014, **(I-CR-4, 144).** Mr. Evans being convicted and after finding two alleged prior convictions to be true, the jury sentence him to serve a term of (61) Sixty-one years confinement in the Texas Department of Criminal Justic. **(I-CR-144).** Sentenceing was pronounce on Febuary 10, 2014 and notice of appeal then timely filed.(I-CR 144, 171.)

## STATEMENT OF PROCEDURAL HISTORY

Appellant Frank Anthony Evans timely filed his appellate brief with the Twelfth District Court of Appeals, Smith County, Texas. States Appellant brief was filed on September 17, 2014. The Twelfth Court of Appeals filed an opinion, affirming the trial court's judgment on July 10, 2015. A motion for rehearing was not filed on either side.

APPENDIX 1, Appellant proceeding Pro Se, hereto, attached per **TRAP RULE 68.4.** The Court of Appeals, thus erred in failing to follow the standard of evidentiary review and thereby refused to apply the applicable statue and so far departing from the accepted and usual course of judicial proceeding or sanctions of the trial court and this Court of Criminal Appeals should exer cise its powers of supervision and grant appellant's Pro Se Petition for Discretionary Review. **TRAP. RULE 66.3.**

## GROUNDS FOR REVIEW

The trial court erred in admitting two irrelevant forgery extraneous offenses over appellants' objection under **Rules 404 (b)** and **403** for the purpose of proving identity, factual insufficiencey of evidence, improper admission of hearsay evidence. **Fischer vs. State 235 SW 3d 470, (Tex.app. San Antonio,2007); Harrell vs. State 884 SW 2d 154, (Tex.Cr.App 1994).**

## REASON FOR REVIEW

The trial court abused its discreation in allowing the state to introduce irrelevant testimony from two witnesses, a Mrs. April Hughey and a Mrs. Mary Harris, as evidence of two forgery extraneous offenses for the **PURPOSE OF PROVING IDENTITY,** the main material issue in the states case.

**ARGUMENT: STATEMENT OF FACTS; SEE ( APPELLANT'S BR.2-3)**

During Mr Evans trial, Identity became the focal issue point in the states case-in-chief when Mrs. Guisella Florez testified that she was not absolutely positive that it was Mr. Evans or someone else who had attempted to pass her a counterfeit twenty dollar bill. **(X-RR-19).** So from her testimony that left the case of **Identity** a **Main Issue** in the states primary case. **SEE (Opinion pg.2).** Perhaps when the state reconized the weakness in their primary case due to this **Identity Issue,**

(6)

later during the trial, the state brought it to the attention of the trial court, that they were considering to offer evidence of two other forgey offenses, from which later in the trial came thru the testimony of two witness, Mrs. April Hughey and Mrs. Mary Harris. To this testimony Mr. Evans raised objections under **Rules 404 (b) and 403. see** **(Appellant's br. pg.5-12).**

During Mr. Evans trial, at the proffer of this other evidence the state explained to the trial court that its purpose for this evidence was to prove the identity of Mr. Evans in the states primary case. As the court explained it, to show where the money came from. (X-RR-150-155). The trial court is required under Rules 404 (b) and 403, to make an initial determination of its relevancy and its probative value to the material issue at close of the states primary case. "Identity" was the Material issue at consequence.

Before admitting evidence of another extraneous offence for the pupose of identity, the state must first prove that the extraneous offense Actually Occured and the proof culpabe connection to the accused and the extraneous act and that the accused is the actual perpertrator, similarity and some distinguishing charateristics, common to both the extraneous and charged act are also important, without such a showing that the probative value of such evidence would be substantially outweighed by its prejudicial effects. **See Harrell vs. State 884 Sw 2d 154 (Tex.Crim.App.1994); Fischer vs. State 235 SW 3d 470 (Tex.Crim.App.2007); Terry Bishop vs. State 869 SW 2d 342, 346, id. at 346 (6,7) (Tex.Crim. App.1993); Ford vs. State 484 SW 2d 727, (Tex.Crim.App.1972).**

During the presentation of the states evidence, It was insufficient to show the trial court that two forgery offenses even occured. The only evidence the state had to show the court during that time were two Inadmissiable witness testimony, when these witnesses testified the only evidence they could provide was nothing more than a swearing match and

"Scant" testimony of other forgery offenses. None of the broad-based questions that were asked by the state to these two witnesses and their simple affirmations in response, **did not provide any evidence of action** that wewe so unusual and distintive so nearly indentical to the charged offence, **that it mounted Mr. Evans' identity to the charged offence,** as **the person who attemped to pass Mrs. Florez a Counterfeit ($20) twenty,** Bishop supra Id. at 346 (6,7). Mrs. Hughey testified that she was with Mr. Evans at a Dairy Queen location of a prior forgery offence, but when questioned about the address of that location she was not able to give any adequate infomation of the address or its location. Same thing with Mrs. Harris, she claimed to be with Mr. Evans at a Little Cesar's during another forgery offence, and she was unable to provide and adequate infomation of its address or location. Neither of these two witness could provide any evidence that would **LEGALLY DEFINE ANY OTHER FORGERY EXTRANEOUS OFFENCE.** See **Harrell vs. State 884 SW 2d 155 (Tex.Cr.App. 1994),** or that was so similar to the charged offence that it would show the identity of the appellant as the person who passed the $20 bill to Mrs. Florez.

Whenever admitting evidence of other extraneous offences for the purpose of showing identity, the extraneous act should be so similar to the charged offence, so that an inference can be made from the facts and cirstantial evidence maybe drawn from a comparison of the extraneous act and the charged offense. See,**Melvin McNeil vs. State, No.12-00018-CR (2013, Tex.App.Lexis 4234); Taylor vs. State 920 SW 2d 319-23 (Tex.Crim. App.1996);** Bishop, Supra Id. at 346 (6,7).

The most important facts of Mrs. Hughey's and Mrs. Harris's testimony was that neither witness could provide any evidence that could **LEGALLY CONNECT APPELLANT TO ANY OF THESE FORGERY OFFENCES** nor did either witness testify or prove any evidence that could **LEGALLY CONNECT APPELLANT TO THE CHARGED OFFENCE OF FORGERY FOR WHICH HE STOOD TRIAL FOR.** Harrell supra,

Id at 154, and Fischer supra Id. at 470. The only evidence that either of these witnesses could provide was nothing more than a swearing match and scant testimony of claming other forgery offenses and criminal acts that neither witness could prove or previde enough evidence that would Legally define any other forgery offence or criminal act. The only evidence that Mrs. Hughey and Mrs. Harris provided was a verbal dispute of appellant character trait, and from such comments made during closing arguments that Mr. Evans is a criminal who engages in criminal acts and therefore must be guilty of this particular offence, (X.I.RR 49-52) it is obvious that the state was not seeking to admit the testimony of these two witnesses for the purpose of proving the identity of appellant in their primary case or any other purpose exceptions under rules 404 (b) and 403, but rather was offered to attempt to prove that Mr. Evans had commited a similar crime on a previous occasion and so he probably did so on this occasion as well. Even evidence properly admitted under rule 404 (b) cannot be considered for this purpose. Even if the trial court was correct that the evidence relating to the alleged prior extraneous act of forgery was admissiable under Rule 404 (b), it is nonetheless should have been excluded as being more prejudicial than probative under rule 403. Time and again the state returned to Mrs. Hughey and Mrs. Harris testimony to argue to the jury that Mr. Evans is a criminal and is a threat to the community, who the jury had to convict, because this is who he is, (X.I.RR 42) As the state explained it, **LADIS AND GENTLEMAN, THAT IS YOUR CASE RIGHT THERE,** WHICH COULD DISTRACT THE JURY FROM THE CHARGED OFFENCE. And that could have prejudice some of the jurors against Mr. Evans, and convicted him on an improper basis. Which could harm and affected Mr. Evans substantial rights. The record before the court demostrates that this impermissible result is excatly what occured in the instant case.

(9)

Therefore, despite such error a conviction will be affirmed if after reviewing the whole of the record a reviewing court is left with fair assurance that the error did not influence the jury's verdict or had a slight effect. SEE, (Appellants br. 1-13)

IDENTITY, WAS THE MATERIAL ISSUE HERE IN THE STATES CASE-IN-CHEIF, therefore the court was outside the zone of reasonabe disagreement and abused its discretion in admitting irrelevant evidence of two forgery offences thru the testimony of two hearsay witnesses Mrs. April Hughey and Mrs. Mary Harris for purposees of proving identity in the ststes primary case. See ( Appellants Br. pg. 1-13)

PRAYER FOR RELIEF

Wherefore premises considered, the Pro Se appellant prays that this court of criminal appeals consider the grounds and reasons for review raised and presented herein and grants this pro se petition for discretionary review and order a complete and full hearing with briefs upon the forgoing reasons and authorities.

DATE August 17, 2015.

RESPECTFULLY SUBMITTED,

*Frank Anthony Evans*

MR. FRANK ANTHONY EVANS, JR.

PRO SE, TDCJ# 1912350

alfred d. hughes unit

Rt 2 box 4400

GATESVILLE, TEXAS 76597

(10)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

### JUNE 10, 2015

### NO. 12-14-00053-CR

**FRANK ANTHONY EVANS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1297-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

| | | |
|---|---|---|
| **FRANK ANTHONY EVANS, JR.,** <br> **APPELLANT** | § | *APPEAL FROM THE 7TH* |
| **V.** | § | *JUDICIAL DISTRICT COURT* |
| **THE STATE OF TEXAS,** <br> **APPELLEE** | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION

Frank Anthony Evans, Jr. appeals his felony conviction for forgery. In his sole issue on appeal, he contends that the trial court abused its discretion in admitting extraneous offense evidence. We affirm.

## BACKGROUND

In July 2013, Guisella Flores was working at the drive through window of a Burger King restaurant when a vehicle later determined to belong to Appellant's mother entered the drive through lane. The driver placed his order and paid with a $20.00 bill. Flores, who had formerly worked at a bank, determined that the bill felt "weird." Flores discussed the matter with the manager, who instructed Flores to neither make change nor return the bill to the driver. The driver became angry and left, and the manager contacted the authorities.

The bill was ultimately determined to be counterfeit. After obtaining the vehicle's license plate number and discovering that the vehicle belonged to Appellant's mother, detectives placed a photograph of Appellant in a lineup. Flores identified Appellant in the lineup as the person who attempted to pass the counterfeit bill as currency to her. Appellant was arrested and indicted for the felony offense of forgery. The indictment alleged that Appellant had two prior felony convictions, raising the punishment level to that of a first degree felony with a minimum

sentence of imprisonment for twenty-five years.[1] Appellant pleaded "not guilty" to the charged offense and "not true" to the enhancement paragraphs.

At a jury trial, Flores testified that the driver wore sunglasses, but that she studied his features carefully. Flores admitted telling the detectives during the photo lineup that she hoped the lineup photos would show the potential suspects wearing sunglasses so that she could more easily identify the suspect. She also acknowledged reviewing the photos for an extended period of time before identifying Appellant as the suspect. Flores testified that Appellant had some unique facial features. She recognized those features in Appellant's photo, but did not see them in the other photos. This left no doubt in her mind that Appellant was the person who attempted to pass the bill as currency. However, she also stated at trial that she told the detective she was "between 80 and 90 percent sure" that Appellant was the person who handed her the counterfeit bill.

Later during the trial, the State offered evidence of two prior extraneous offenses over Appellant's objection. The extraneous offense evidence showed that Appellant manufactured counterfeit $20.00 bills and passed them at two fast food restaurants during the same month as the offense in this case, and that the bills were made using the same or similar method of production. The trial court admitted the evidence because there was an issue about whether Appellant was the person who attempted to pass the counterfeit bill. The trial court also noted that the evidence was relevant to show that Appellant knew the bills were counterfeit and that he intended to pass the counterfeit bill as currency.

The jury found Appellant guilty of the charged offense. After a punishment hearing, the jury assessed Appellant's punishment at sixty-one years of imprisonment. This appeal followed.

## EXTRANEOUS OFFENSE EVIDENCE

In his sole issue, Appellant argues that the trial court abused its discretion when it allowed the State to introduce evidence of his past forgeries under Texas Rules of Evidence 403 and 404.

### Standard of Review and Applicable Law

A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

---

[1] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014); § 32.21 (West 2011).

As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion. *Id.* at 343–44. Further, a trial court cannot admit extraneous offense evidence unless a jury could find beyond a reasonable doubt that the defendant committed the extraneous offense. *Fischer v. State*, 268 S.W.3d 552, 558 (Tex. Crim. App. 2008).

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith. TEX. R. EVID. 404(b). But it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Whether extraneous offense evidence has relevance apart from character conformity is a question for the trial court. *De La Paz*, 279 S.W.3d at 343.

One of the main rationales for admitting extraneous offense evidence is to prove the identity of the offender. *Segundo v. State*, 270 S.W.3d 79, 88 (Tex. Crim. App. 2008). Here, the theory of relevancy is usually that of modus operandi in which the pattern and characteristics of the charged crime and uncharged misconduct are so distinctively similar that they constitute a "signature." *Id.* No rigid rules dictate what constitutes sufficient similarities. *Id.* Common characteristics may be proximity in time and place, mode of commission of the crimes, the person's dress or any other elements that mark both crimes as having been committed by the same person. *Id.* The "doctrine of chances" may also come into play when using extraneous offenses to prove identity, which states that highly unusual events are unlikely to repeat themselves inadvertently or by happenstance. *Carrizales v. State*, 414 S.W.3d 737, 745 (Tex. Crim. App. 2013). For the doctrine to apply, there must be a similarity between the charged and extraneous offenses, since it is the improbability of a like result being repeated by mere chance that gives the extraneous offense its probative weight. *Brown v. State*, 96 S.W.3d 508, 512 (Tex. App.—Austin 2002, no pet.).

Two other bases for admitting extraneous offense evidence are to prove the defendant's intent or knowledge. TEX. R. EVID. 404(b). To prove the crime of forgery, the state must prove that the defendant forged a writing with the intent to defraud or harm another. *See* TEX. PENAL CODE ANN. § 32.21(b) (West 2011).[2] Because an element of the crime requires proof that the

---

[2] The definition of "forge" includes altering, making, completing, executing or authenticating any writing so that it purports (1) to be the act of another who did not authorize that act; (2) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or (3) to be a copy of an original when no such original existed. TEX. PENAL CODE ANN. § 32.21(a)(1)(A). A "writing" includes money. *See id.* § 32.21(a)(2)(B).

accused acted with the intent to defraud or harm another, the state necessarily must prove that the defendant knew the writing was forged. *Okonkwo v. State*, 398 S.W.3d 689, 695 (Tex. Crim. App. 2013). Intent may be inferred from circumstantial evidence such as words, acts, or conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). However, intent to defraud cannot be inferred from mere evidence of possession, passage, or presentment of a forged instrument. *Albrecht v. State*, 486 S.W.2d 97, 102 (Tex. Crim. App. 1972); *Johnson v. State*, 425 S.W.3d 516, 520 (Tex. App.–Houston [1st Dist.] 2012, pet. ref'd). Establishing intent or knowledge in a forgery case is so crucial that, "as a practical matter, evidence of extraneous offenses is nearly always admissible." *Parks v. State*, 746 S.W.2d 738, 740 (Tex. Crim. App. 1987).

Relevant evidence may nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Martinez v. State*, 327 S.W.3d 727, 737 (Tex. Crim. App. 2010). Unfair prejudice refers not to an adverse or detrimental effect of evidence but to an undue tendency to suggest a decision on an improper basis. *Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007). When undertaking a Rule 403 analysis, the trial court must balance (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or be repetitive. *Id.*; *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). As with Rule 404(b), we review a trial court's decision to admit evidence in the face of a Rule 403 objection under an abuse of discretion standard, and the court does not abuse its discretion as long as its decision is within the zone of reasonable disagreement. *De La Paz*, 729 S.W.3d at 343–44.

4

## Discussion

Appellant argues that evidence of the two past forgeries was offered to show only that he is an habitual criminal who has committed similar crimes in the past, and that because of this character trait, he likely committed the offense in this case.

The first witness, April Hughey, testified that in July 2013, she and Appellant ordered food in the drive through window at a fast food restaurant and attempted to pay for it with a counterfeit $20.00 bill. Hughey also testified that she witnessed Appellant manufacture the money. She explained that Appellant washed $1.00 bills, applied a chemical, and then printed a scan of a $20.00 bill on the washed bill with a printer. The second witness, Mary Harris, claimed that she witnessed Appellant manufacture counterfeit money that she saw him use to pay for food at a fast food restaurant, also in July 2013. Harris described the method in which the counterfeit bills were made, which was the same method Hughey described. United States Secret Service Agent Michael Dawson testified that the bill passed in this case felt "off," lacked several features of an authentic bill, and appeared to have been made with a printer. He concluded that the bill was a forgery.

The trial court allowed the evidence because there was an identity issue, and to show that Appellant's possession and use of the counterfeit bill was not an accident. There was eyewitness identification testimony from Flores, but her testimony left open the possibility that the person who passed the counterfeit bill to her was someone other than Appellant. Also, Flores stated that she saw a wad of $20.00 bills in Appellant's hands, but she never handled any of them. Without the extraneous offense evidence, the State could not prove that Appellant knew the bills were forged, an essential element of the State's case. *See Okonkwo*, 398 S.W.3d at 695. As the court stated in *Parks*, evidence of the same crimes committed separately and recently in time is generally admissible to show the intent required under the statute, that the defendant had knowledge that the bill was forged, and that passing it was not an accident. *See Parks*, 746 S.W.2d at 740; *see also Ames v. State*, 499 S.W.2d 110, 118 (Tex. Crim. App. 1973) (noting that proof of other forgeries is admissible in evidence when such proof tends to show intent or identity). The testimony showed that the other crimes took place in the same month as the offense in question and under similar circumstances. Consequently, we hold that the extraneous offense evidence had relevance apart from tending to show that Appellant is a criminal, and because of that trait, he likely committed the offense here.

Appellant also argues that the prejudicial effect of the evidence substantially outweighs its probative value under Rule 403. In the vast majority of forgery cases, the probative value of evidence of extraneous offenses will inevitably outweigh its prejudicial effect. *See Parks*, 746 S.W.2d at 740. Where a charged offense and an extraneous offense share many similarities, the evidence is highly probative under Rule 403. *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996). Here, as we have discussed, the evidence was essential to proving that Appellant committed the offense and that he knew the bill was counterfeit. Without the evidence, the State could not prove those elements, especially considering its high burden of proof. Because Hughey's and Harris's testimonies provided key evidence on essential elements that are inherently difficult to prove, the evidence does not tend to suggest a decision on an improper basis, and it was unlikely that the jury would be confused or distracted by its admission. The jury undoubtedly gave weight to their testimony. But given the nature and difficulty of proving the elements of forgery, we cannot conclude under the circumstances that the jury would assign undue weight to the other crimes, or that it was ill equipped to evaluate the probative force of the evidence. Finally, the testimony from Hughey and Harris was relatively brief, although the State did emphasize it in its argument. We hold that the trial court did not abuse its discretion in overruling Appellant's Rule 403 objection. Accordingly, the trial court did not err in admitting the extraneous offense evidence.

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered June 10, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6