W. E. RODGERS v. THE STATE.

No. 12,331. Delivered February 27, 1929.

*Beall, Beall & Beall* of Sweetwater, for appellant.

*A. A. Dawson of* Canton, State's Attorney, for the State.

MARTIN, JUDGE.—A complaint was filed against appellant in the County Court of Nolan County, which, omitting its formal parts, charges that appellant "did then and there while doing business as a pawnbroker, receive from George A. Morrison one flashlight and one overcoat in pledge, for the loan of a sum of money, to-wit: $1.50 upon interest, without then and there having complied with the statutes regulating pawnbrokers," and his punishment assessed at a fine of $25.00. The information is in the same language.

The point was properly raised in the court below and is here presented that they are each insufficient to charge an offense. The particular portion under attack is the last clause, viz: "Without then and there having complied with the statutes regulating pawnbrokers." The civil statutes prescribe the laws regulating pawnbrokers in this State and will be found in Arts. 6146 to 6161, both inclusive, R. C. S. (1925). Art. 6147 provides for the giving of a bond by a pawnbroker and for new bond under certain conditions every twelve months and for the recording of such bond in the office of the County Clerk. Art. 6148 provides in part that each pawnbroker shall keep a well bound book to be kept open for inspection in which he shall register all his transactions as a broker at the time the same occurs. Art. 6149 provides that the broker shall give to the party pledging a ticket corresponding to the entry on the book of registry. These are sufficient to illustrate the different and varying ways by which the statutes regulating pawnbrokers may be violated. Without setting them all out in detail, there are many ways by which appellant could violate these statutes and the information nowhere apprises appellant of the particular act he is called upon to answer. The information is substantially in the language of the statute but this is not always sufficient. There are cases that require greater particularity, either from the obvious intention of the Legislature or from application of known principles of law. Portwood v. State, 29 Tex. 47; McAfee v. State, 38 Tex. Crim. Rep. 124; Branch's Criminal Digest, Sec. 494. The language of this particular statute does not completely describe the offense but on the other hand by its terms makes appellant amenable to the law for any of several distinct affirmative acts, the nature of which appellant is not apprised of. An indictment or information must particularize the acts or omissions complained of and the elements of the offense should be so averred as to apprise the accused of the charge against him and to enable him to plead a judgment in bar of another prosecu-

tion for the same act. Alexander v. State, 27 Tex. Crim. Rep. 95; Jennings v. State, 88 Tex. Crim. Rep. 639.

Because of the insufficiency of the information and complaint, the judgment of the trial court is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.