WILLIAM ANDERSON POSEY V. STATE.

No. 24613. February 15, 1950.

*Morriss, Morriss, Boatwright & Lewis*, by *Will A. Morriss, Jr.*, San Antonio, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was charged by complaint with a violation of Article 734 (b) of the Penal Code, which is in part as follows:

"Section 1: 'It shall be unlawful for any person to perform any of the operations of, or engage in the practice or occupation of, a . . . cosmetologist . . . unless such pereson shall have first obtained a certificate of registration, and/or license as provided under this Act . . .'

"Section 3 (b) 'Any person who with hands or mechanical or electrical apparatus or appliances, or by use of cosmetological preparations, antiseptics, tonics, lotions, or creams, engages in or performs any one or combination of the following practices, to wit: cleansing, beautifying, or any work of the scalp, face, neck, arms, bust, or upper part of the body, or manicuring the nails of any person, shall be construed to be practicing the occupation of a cosmetologist.' "

The complaint contains three counts, the language of each is practically identical and neither alleges the acts performed or the persons upon which he practiced cosmetology. They merely plead conclusions. The evidence introduced names three different occasions and three different persons and, in each instance, it is said that he used a cream to remove the makeup on the face, then an oil, and that he massaged the muscles of the face.

It will not be necessary to discuss the defects in the complaint. Appellant was not given notice of the acts charged against him, as required by Article 414, Vernon's Ann. C. C. P. The question involved is thoroughly discussed in Blumberg v. State, 144 Tex. Cr. R. 200, 161 S. W. 2d 1082 and De Santiego v. State, 146 Tex. Cr. R. 394, 176 S. W. 2d 175.

The judgment of the trial court is reversed and the prosecution is ordered dismissed.