NICHOLAS JOHN SASSANO V. STATE

No. 28,394. June 13, 1956.

*C. F. Tucker*, and *W. E. Martin*, Houston, for appellant.

*Dan Walton*, District Attorney, *Eugene Brady* and *Thomas D. White*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for engaging in the business of bookmaking, with a punishment assessed at five years in the penitentiary.

The crime of bookmaking is denounced in Sec. 1, of Art. 652a, Vernon's P.C., while the crime of engaging in the business of bookkmaking is denounced in Sec. 2 of said article.

The indictment upon which this conviction was predicated charges that appellant, on or about the 7th day of June, 1955, "was then and there engaged in the business of bookmaking."

It is insisted that such allegation is vague, uncertain, and indefinite, and fails to apprize appellant of the offense charged against him.

Art. 398, C.C.P., provides that:

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

In keeping with the statute quoted above, the legislature has provided, also by Art. 405, C.C.P., that the offense should be set forth in the indictment "with that degree of certainty that will give the defendant notice of the particular offense with which he is charged * * * *."

It is the light of these statutes and the prior decisions of this court that the sufficiency of the instant indictment must be tested.

In the first instance, it becomes material to ascertain what constitutes the offense of bookmaking. Sec. 1 of Art. 652a, Vernon's P.C., provides the answer. It reads as follows:

"Any person who takes or accepts or places for another a bet or wager of money or anything of value on a horse race, dog race, automobile race, motorcycle race or any other race of any kind whatsoever, football game, baseball game, athletic

contest or sports event of whatsoever kind or character; or any person who offers to take or accept or place for another any such bet or wager; or any person who as an agent, servant or employee or otherwise, aids or encourages another to take or accept or place any such bet or wager; or any person who directly or indirectly authorizes, aids or encourages any agent, servant or employee or other person to take or accept or place or transmit any such bet or wager shall be guilty of book making and upon conviction be punished by confinement in the State Penitentiary for any term of years not less than one (1) nor more than five (5) or by confinement in the county jail for not less than ten (10) days nor more than one (1) year and by a fine of not less than One Hundred ($100.00) Dollars nor more than One Thousand ($1,000.00) Dollars."

It will be noted that the offense of bookmaking consists of four primary divisions, which are: (a) the taking or placing of a bet for another; (b) offering to take or place a bet for another; (c) as an agent or employee, the aiding or encouraging of another to bet or wager; and (d) the aiding or encouraging of an agent or employee to take or transmit a bet or wager.

The bet or wager referred to is not restricted to any one particular contest but includes certain races and games designated by name and, in addition thereto, includes any "athletic contest or sports event of whatsoever kind or character."

It is difficult to visualize the various fact situations that might arise which would constitute the offense of bookmaking.

All of the above facts, being true, demonstrate the legislative wisdom in requiring that an indictment must be sufficiently definite to give the accused notice of the particular offense with the commission of which he is charged.

It is apparent, therefore, that in order to charge the offense of bookmaking the indictment must allege facts sufficient to show that the offense of bookmaking was committed. In support of that conclusion, see: Rodgers v. State, 111 Tex. Cr. R. 441, 14 S.W. 2d 1035; Posey v. State, 154 Tex. Cr. R. 271, 226 S.W. 2d 874; De Santiego v. State, 146 Tex. Cr. R. 394, 176 S.W. 2d 175; Parker v. State, 114 S.W. 2d 906.

The offense of bookmaking and that of engaging in the business of bookmaking, even though they are punishable alike,

are separate and distinct offenses, being founded upon separate fact situations.

To constitute engaging in the business of bookmaking, one must, within a period of one year preceding the filing of the indictment, have committed the crime of bookmaking by three separate acts.

So then, to charge that offense, the indictment must charge the commission of the offense of bookmaking at three separate times and, in addition thereto, the dates those three acts were committed, in order that it might be determined therefrom that they were committed within the one-year period preceding the filing of the indictment.

In the instant case, the indictment did not comply with the requirements mentioned and it is therefore insufficient to support this conviction.

A similar argument to that of state's counsel as here complained of will not likely arise upon another trial, and no necessity exists for a discussion thereof.

Because of the defect in the indictment, the judgment is reversed and the prosecution is ordered dismissed.