PD-0360-18
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/3/2018 2:05 PM
Accepted 6/5/2018 12:20 PM
DEANA WILLIAMSON
CLERK

FILED
COURT OF CRIMINAL APPEALS
6/5/2018
DEANA WILLIAMSON, CLERK

No. <u>PD-0360-18</u>

In the

Court of Criminal Appeals

at Austin

◆

Petition for Discretionary Review

from Second Court of Appeals

Fort Worth, Texas

Trial Court Cause No. F17-2106-211

of Denton County, Texas

◆

IN RE QUINCY BLAKELY

◆

PETITION FOR DISCRETIONARY REVIEW

## IDENTIFICATION OF PARTIES AND COUNSEL

Petitioner:
Quincy Blakely
2701 Little Elm Parkway #100-551
Little Elm, Texas

Counsel for Petitioner
None

Real Party in Interest:
State of Texas Adverse Party
1450 E. McKinney
Denton, Texas 76209

Counsel for Real Party in Interest:
Paul Johnson, District Attorney
1450 E. McKinney
Denton, Texas 76209
Telephone: 940-349-1600
Facsimile: 940-349-2606

Trial Court Judge
Honorable Brody Shanklin
1450 East McKinney Street 2nd Floor
Denton, TX 76209-4524
(940) 349-2330
(972) 434-8873
(940) 349-2331 (Fax)

# TABLE OF CONTENTS

TABLE OF CONTENTS.......................................................3

INDEX OF AUTHORITIES.......................................................4-5

STATEMENT OF THE CASE...................................................... 6

ARGUMENT IN SUPPORT OF REASONS FOR REVIEW……6-12

APPENDIX…………………………………………………...13-21

PRAYER FOR RELIEF………………………………………….22

CERTIFICATE OF SERVICE…………………………………22

CERTIFICATE OF COMPLIANCE……………………………22

# TABLE OF AUTHORITIES

1. Bill of Rights of the United States of America

2. United States Constitution

3. Texas Constitution

4. Miranda v. Arizona, 384 U.S. 426, 491; 86 S. Ct. 1603

5. Gerstein v. Pugh, 420 U.S. 103 (1975)

6. County of Riverside v. McLaughlin, U.S., 111 S. Ct. 1661, 1670, 114 L. Ed. 2d 49 (1991)

7. Rabb v. State, 730 S.W.2d 751, 752-54 (Tex.Crim.App.1987)

8. Kelly v. State, 724 S.W.2d 42 (Tex.Cr.App.1987)

9. Scott v. State, 690 S.W.2d 256, 258 (Tex.Crim.App.1985) 10. Omura v. State, 730 S.W.2d 766, 768.

10. Howard v. State, 690 S.W.2d at 255-56

11. Morrow v. Corbin, 122 Tex. 553, 560-61, 62 S.W.2d 641, 645 (1933)

12. McChain v. City of Fond Du Lac (Wis 1959) 96 N.W.2d 607

13. Perkins v. Crittendon, 462 S.W. 2d 565, 567-568 (Tex. 1970)

14. Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex.1984)

15. Donnelly v. Dechristoforo, 1974.SCT.41709 ¶ 56; 416 U.S. 637 (1974).

16. Trinsey v. Pagliaro D.C. Pa. 1964, 229 F. Supp. 647

17. Porter v. Porter, (N.D. 1979) 274 N.W.2d 235

18. United States v. Lovasco 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752

19. Young v. First Bank of Bellevue (Neb 1994)516 N.W.2d 256

20. Burke v. Satterfield, 525 S.W.2d 950, 955 (Tex.1975)

21. Humphreys v. Caldwell, 888 S.W.2d 469 (1994)

22. Walls v. State, 273 S.W.2d 875, 876 24. Gary v. Vick, 203 S.W.2d 869, 870

23. Witty v. Rose, 148 S.W.2d 962, 964

24. Alvarez v. State, 861 S.W.2d 878

25. Donnelly v. Dechristoforo, 1974

26. Miller v. United States, 230 F.2d 486 (5th Cir. 1956)

STATEMENT OF CASE

On April 13, 2017 at 12:25pm, I was arrested for allegedly unlawfully carrying a firearm in violation of Penal Code 46.02 without a warrant being issued based upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. I was not engaged in criminal activity, but in my private car when I was ordered to exit my car after I had just walked out of a convenience store located at 26748 E. University Drive Little Elm, Texas.

ARGUMENTS PRESENTED

The penal code I was allegedly charged with violating, Penal Code 46.02 (c) was presented by William P. Keith to the prosecutor to be charged when William P. Keith knew that he was stimulated legal process by making false statements in his affidavit **EXHIBIT A** when it was within his personal knowledge that I was directly enroute to my private car, and was in fact in my private car when I was unlawfully arrested for possessing a handgun while in my car, although the indictment **EXHIBIT B** states that "the defendant was not inside or directly enroute to motor vehicle", which on its face contradicts the officer's affidavit.

In the officer affidavit, William P. Keith was aware that he was making a false statement when he advised that the convenience store had the 51% sign, because the 51% sign is for establishments that are licensed to sell alcoholic beverages for *on-premises consumption* whose alcohol sales constitutes more than half of gross receipts. See

https://www.tabc.state.tx.us/laws/sign_requirements.asp  These sign have 51% in large red letters superimposed over the warning and the warning notes that possession of a concealed weapon on the premises is a felony. There in fact was no sign posted as required per TABC to warn customers that the business is an establishment that sells alcoholic beverages.

Penal Code 46.02 read as follows: (a) A person commits an offense if the person: (1) intentionally, knowingly, or recklessly carries on or about his or her person a handgun, or club; and (2) is not: (B) inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control. The officer affidavit clearly states that I was en route to my car and then inside of my car without any incidents.

After being arrested pursuant to a bond forfeiture, I was charged with violating Penal Code 46.02, in which is only an offense if: a person intentionally, knowingly, or recklessly carries on or about his or her person a handgun or club; and (2) *is not*: inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control.

**EXHIBIT A** is the arrest report that states that I was directly en route to my car, and in fact, inside of my car when I was arrested without incident. **EXHIBIT B** is the indictment, and on its face contradicts what the affidavit for arrest warrant was attested to. There is nothing in the indictment that state the facts relied upon to support that I, Quincy Blakely intentionally or knowingly, carried on or about with a handgun. In fact, the report shows that I was compliant and was arrested without incident.

I filed a Pre-Trial Writ of Habeas Corpus in the 211th Judicial District Court of Denton County challenging the following which was denied, and an appeal followed in the Second Court of Appeals:

**Issued Presented:**

(1) Arrested without an arrest warrant

(2) Constitutionality of Statute

(3) Failure to Arraign

(4) Denial of right to a probable cause determination hearing

(5) Indictment failed to inform the charge against me to prepare a proper defense

(6) Challenge the jurisdiction of the Trial Court.

**Arrest without an Arrest Warrant**

On April 13, 2017 at 12:25am, I was arrested for an alleged unlawfully carrying a firearm Penal Code 46.02 without a warrant being issued based upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. I was not engaged in criminal activity, but in my private car when I was ordered to exit my car after I had just walked out of a convenience store located at 26748 E. University Drive Little Elm, Texas. There were no exigent circumstances that existed that would have prevented William P. Keith from obtaining an arrest warrant if he believed that I was committing the felony of unlawfully carrying a firearm. His own affidavit states that I went into the store then came out and got into my car, and was then removed from my car and arrested pursuant to a bond forfeiture warrant. At no time was William P. Keith aware I possessed a hand gun or did he even allege that I possessed a handgun and was acing intentionally, knowingly or recklessly while enroute to my car and while in my car. In fact, he stated that there were no incidents.

Probable cause depends on whether the officers "possess[ed] knowledge that would warrant a prudent person's belief that [the suspect] had already committed or was committing a crime." Eugene, 65 F.3d at 1305. The arresting officer state's in his own report that he was not

aware that I had a weapon until I advised him that I did when I was told I was under arrest for an outstanding warrant.

## Constitutionality of Statute

Penal Code 46.02 is unconstitutional as applied to me, Quincy Blakely because I was directly en route to my private car, and in fact was inside of my car when I was charged with violating penal code 46.02.

Provision of Code of Criminal Procedure Chapter 14 Arrest Without Warrant, will cause the Court to deprive me of my protected right guaranteed by the Fourth Amendment to the United States Constitution and Texas Constitution Article 1 Sec. 9, to be free from arrest without a warrant base upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. C.C.P Chapter 14 Arrest Without Warrant cannot be constitutionally applied to effect a warrantless arrest in a place, my car, that I was allowed by law to be.

## Failure to arraign

C.C.P Art. 26.01 requires arraignment in all felony cases. As of the date of this Petition, I have yet to be arraigned. There was an appearance, Article 15.17 hearing, before Magistrate Robin Ramsay allegedly on April 13, 2017, the date of the arrest, but I have not been arraigned on the charge of unlawfully carrying a firearm or given a plea.

## No Judicial Determination of Probable Cause

As of May 9, 2018, more that one year after the arrest on April 13, 2017, I have not been afforded a right to a judicial determination of probable cause hearing.  I was arrested without a warrant, appeared for an Article 15.17 hearing, but before the Article 15.17 hearing or at anytime

thereafter, I have never appeared for a probable cause determination hearing. Probable cause has not been determined prompt or otherwise, which is a denial of my right to due process of law. County of Riverside v. McLaughlin

## **Indictment failed to charge an offense**

The indictment alleges that Quincy Blakely did "intentionally and knowingly carry on or about a handgun on a premises licenses or issued a permit by the State of Texas for the sale of alcoholic beverages, and defendant was not on defendant's own premises or premises under the defendants control, and the defendant was not inside of or directly en route to a motor vehicle……………

The indictment is defective as convenience store I walked out does not have a license issued by the State of Texas for the sale of Alcoholic Beverages, the State of Texas does not regulate alcohol.

Indictment does not explain any events that led up to me, Quincy Blakely allegedly intentionally and knowingly carry on or about a handgun on the premises of a convenience store that sells alcoholic beverages, nor does it allege with reasonable certainty the act or acts relied on to constitute the culpable mental states of knowingly and intentionally. This information is essential to fair notice of the charges against I must defend.

Texas law guarantees an accused the right to have an indictment present fair notice of the charges against him. Article I, Section 10, of the Texas Constitution provides that, "[i]n all criminal prosecutions the accused…shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." Additionally, Articles 21.04 and 21.11 of the Texas Code of Criminal Procedure require that an indictment must contain "that degree of certainty that will give the defendant notice of the particular offense with which he is charged" and "enable the accused to plead the judgment that may be given upon it in bar of any

prosecution for the same offense." Tex. Code Crim. Proc. Ann. arts. 21.04, 21.11 (Vernon 1989).

Indictment No F172106-211 does not allege each element of the offense of unlawfully carrying a firearm, which is intentionally and knowingly. There is no listing in detail the specific acts relied upon that me walking into a convenience store and getting into my car, I knowingly or intentionally committed the offense of unlawfully carrying a firearm.

The en banc Texas Court of Criminal Appeals has recognized that the requirement that indictments give adequate notice implicates "fundamental notions of fairness." Drumm v. State, 560 S.W.2d 944, 946 (Tex.Crim.App. 1977) (en banc). Accordingly, "[t]he accused is not required to anticipate any and all variant facts the state might hypothetically seek to establish." Id. at 947.

The indictment must allege _on its face_ the facts necessary (1) to show that the offense was committed, (2) to bar a subsequent prosecution for the same offense, and (3) to give the defendant notice of precisely what he is charged with. See: Sassano v. State, 163 Tex.Cr.R. 345, 291 S.W.2d 323. Indictment number F172106-211 alleged on it's face, acts contrary to what the officer affidavit allege, which was I, Quincy Blakely was not en reoute to my car, when in fact the officer affidavit stated plainly that I was en route to my car, then was inside of my car.

Texas law also clearly requires that the notice of the charges must come from the face of the indictment alone. Riney v. State, 28 S.W.3d 561, 565 (Tex.Crim.App. 2000); Miller v. State, 909 S.W.2d 586, 591 (Tex.App.-Austin, 1995); Voelkel v. State, 501 S.W.2d 313, 315 (Tex.Crim.App.1973); See, e.g., Benoit v. State, 561 S.W.2d 810,813 (Tex.Crim.App. 1977). It is, of course, not sufficient to argue that the accused knew with what offense he was charged; rather, the inquiry must be whether the face of the indictment furnished that information in plain and intelligible language. Miller at 591; Benoit at 813; Riney at 565. Moreover, it is improper to

look to the record of the case in order to determine whether the charging instrument constitutes adequate notice. Adams v. State, 707 S.W.2d 900,901 (Tex.Crim.App. 1986), citing Bonner v. State, 640 S.W.2d 601 (Tex.Crim.App.1982)

## Jurisdiction of the Trial Court

Under the "fundamental defect" doctrine, the Court has ruled that every essential element of the Penal Code offense being alleged must be stated in the written charges with precision, in terms drawn from the Penal Code itself and from the cases interpreting the code ... in order for the trial court even to have jurisdiction to hear the case. Studer v. State 799 S.W.2d 263 (1990)

Respectfully submitted:
/s/ Quincy Blakely
2701 Little Elm Parkway #100-551
Little Elm, Texas
quincyblakely@gmail.com

# APPENDIX

# EXHIBIT A

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

Before me, the undersigned authority, on this day, personally appeared the undersigned affiant who, after being by my duly sworn on oath deposes and says that: __Quincy Desmond Blakely__, hereinafter styled the defendant on or about __April 13, 2017__, and before the making and filing of this complaint, in the County of Denton of the State of Texas, did then and there commit the act of __Unlawfully Carry a Weapon on Alcohol Premise__.

Affiant is __Deputy Sgt. W.P. Keith #2445__, who is a certified peace officer of the Denton County Sheriff's Office, and is currently participating in the investigation of this case. Affiant's probable cause for the above belief is based on the following facts and sources of said facts:

I, Deputy Sgt. W.P. Keith # 2445, Patrol Deputy of the Denton County Sheriff's Office, state that on April 13, 2017 Deputies with the Denton County Sheriff's Office were assisting the U.S. Marshal's Office to locate a wanted person, the defendant. The defendant had warrants for Criminal Trespass of a Habitation and for Assault on a Public Servant. Deputies located the defendant leaving the Exxon store at 26748 E. University Dr. Little Elm, Denton County, Texas. He was observed walking from the store to his vehicle. He entered his vehicle as deputies converged on him. He was removed from his vehicle, without incident, and arrested for the outstanding warrants. While being handcuffed he told deputies that he had a pistol on his right hip. The pistol, a loaded 9mm Beretta, was located in a holster on his hip with an extra loaded magazine also in a holster. The defendant was in my view the entire time and could not have placed the pistol in his waistband after leaving the store. The store has the appropriate signage warning of the 51% law (PC 46.02 c) and not to carry weapons on the premise.

Wherefore, premises considered, the Affiant respectfully requests that a warrant issued for the arrest of _Quincy Desmon Blakely_ to answer for the ☐misdemeanor/ ☒felony offense of _Unlawful Carrying a Weapon on Alcohol Premise_ in accordance with the laws in the State of Texas.

AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS.

AFFIANT

SWORN TO AND SUBSCRIBED BEFORE on this __13th__ day of __April__ ,20 __17__.

NOTARY PUBLIC / Peace Officer

Notary Stamp

MAGISTRATE
DENTON COUNTY, TEXAS

# EXHIBIT B

CAUSE NO. F17-2100-2 **FILED**

**2017 AUG 25 AM 10: 11**

SHERRI ADELSTEIN
DISTRICT CLERK DENTON CO., TX

BY _____ DEPUTY

| | |
|---|---|
| CAUSE NO. F17-2100-2 | TRN: 9259909449 / A001 |
| BOND: $1,000.00 | PID NO. 3334630 |
| DEFENDANT: QUINCY BLAKELY | SID: TX 07543276  B/M  06/19/1980 |
| CHARGE: UNLAWFULLY CARRING WEAPON | |
| ART: NONE  SEC: 46.02 | CODE: PENAL |
| CO-DEFENDANT: NONE | WARRANT NO: 17-553774 |
| WITNESS: P.KEITH | CONTROL NO: 17-04882 |

## TRUE BILL OF INDICTMENT

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, in and for the County of Denton, State of Texas, duly organized, impaneled, and sworn as such, at the July Term, A.D., 2017, of the District Court of the 362nd Judicial District in and for said county and state, upon their oaths, present in and to said Court that QUINCY BLAKELY, who is hereinafter styled defendant, on or about the 13th day of April, 2017 and anterior to the presentment of this Indictment, in the county and state aforesaid, did then and there intentionally and knowingly carry on or about his person a handgun, on a premises licensed or issued a permit by the State of Texas for the sale of alcoholic beverages, and the defendant was not on the defendant's own premises or premises under the defendant's control, and the defendant was not inside of or directly en route to motor vehicle or watercraft that was owned by the defendant or under the defendant's control;

against the peace and dignity of the State.

_____
PAUL JOHNSON
CRIMINAL DISTRICT ATTORNEY OF
DENTON COUNTY, TEXAS

_____
Foreman of the Grand Jury



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00393-CR

EX PARTE QUINCY DEMOND
BLAKELY

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F17-2106-211

----------

### MEMORANDUM OPINION[1]

----------

Appellant Quincy Demond Blakely appeals the trial court's denial of his pretrial writ of habeas corpus. Appellant was indicted for unlawful possession of a handgun on the premises of a liquor store. *See* Tex. Penal Code Ann. § 46.02 (West Supp. 2017).

Appellant filed, pro se, an application for a pretrial writ of habeas corpus in which he (1) argued that he was unlawfully arrested without a warrant or probable cause, (2) asserted that the magistrate who conducted his arraignment

---

[1]*See* Tex. R. App. P. 47.4.

did not have authority to do so, (3) challenged the constitutionality of articles 14.01(b) and 14.03 of the code of criminal procedure, (4) asserted that he was denied the right of counsel during his arraignment hearing, (5) challenged the indictment's wording of the offense as "PC 46.02" and asserted that the indictment failed to inform him of the charge against him, and (6) challenged the jurisdiction of the trial court over him as a "sovereign citizen."

At the hearing on Appellant's application, the trial court took judicial notice of the fact that he had been released on a $1,000 bond the day after he was arrested and was not being held in jail. Appellant argued that he was still nevertheless being deprived of his liberty because of "the threat of going back to jail" if he did not appear at subsequent hearings or a trial. The trial court declined to issue the writ and informed Appellant that he could address other concerns, such as his argument that he was not properly arraigned, through other pretrial motions.

Notwithstanding this ruling, the trial court heard and considered some of Appellant's concerns.[2] It reassured Appellant that his arraignment had been properly conducted by a magistrate. It rejected Appellant's contention that the case should be dismissed because the police unlawfully arrested him when they

---

[2]After denying the application for writ of habeas corpus, the trial judge asked the State if it consented to hearing Appellant's arguments as pretrial motions to suppress, quash the indictment, and dismiss the case. The prosecutor simply responded, "Judge, I just ask that each and every thing be denied."

2

saw him carrying a weapon on the premises of a liquor store, a violation of the penal code. *See* Tex. Code Crim. Proc. Ann. art. 14.01 (West 2015) (providing that an officer may, without a warrant, arrest an offender when the offense is committed within his view); Tex. Penal Code Ann. § 46.02 (providing elements of unlawful carrying of a weapon). It rejected Appellant's argument that he could not be found guilty of unlawful carrying of a weapon because he was on his way to his car when he was carrying the weapon, finding that this was a fact issue for the ultimate factfinder and denying any request to suppress evidence or quash the indictment on this basis. *See* Tex. Penal Code Ann. § 46.02(a)(2). Finally, the trial court interpreted his challenge to its jurisdiction over him as a "sovereign citizen" as a plea to the jurisdiction and overruled it.

## Discussion

The writ of habeas corpus is an extraordinary remedy. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). A defendant may use a pretrial writ of habeas corpus only in very limited circumstances—for instance, to raise claims of double jeopardy, collateral estoppel, and bail, because if he were not allowed to do so, those protections would be effectively undermined. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus where there is an adequate remedy at law, and we must be careful to ensure that a pretrial writ is not misused as an impermissible interlocutory appeal. *Ex parte*

3

*Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App.), *cert. denied*, 5620 U.S. 957 (2010); *Headrick v. State*, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999).

In general, we review the trial court's ruling denying habeas relief for an abuse of discretion and will not disturb the ruling unless the trial court acted without reference to any guiding principles. *Ex parte Meltzer*, 180 S.W.3d 252, 255–56 (Tex. App.—Fort Worth 2005, no pet.) (op. on reh'g). Appellant bore the burden of establishing his entitlement to habeas corpus relief. *Ex parte Alt*, 958 S.W.2d 948, 950 (Tex. App.—Austin 1998, no pet.). We agree with the trial court that Appellant did not meet this burden.

Appellant's claims are not the proper subjects of a pretrial writ of habeas corpus. They do not raise any issues of double jeopardy or collateral estoppel, nor does he complain about the amount of bail set in this case. Appellant's claim that he was unlawfully arrested without a warrant or probable cause is the proper subject of a motion to suppress to be reviewed on direct appeal. *See Ex parte Conner*, 439 S.W.2d 350, 350 (Tex. Crim. App. 1969); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Appellant's complaints about the indictment are the proper subject of a motion to set aside or quash the indictment. *See* Tex. Code Crim. Proc. Ann. art. 27.03 (West 2006); *Doster*, 303 S.W.3d at 724 ("[O]rdinarily, pretrial habeas is not available to 'test the sufficiency of the complaint, information, or indictment.'" (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001))). To the extent his claims relate to the sufficiency of the State's evidence to prove he committed the offense, those

4

are questions for the ultimate factfinder and are appropriately reviewed after the factfinder has rendered a verdict. *Doster*, 303 S.W.3d at 724 ("[P]retrial habeas is unavailable when the resolution of a claim may be aided by the development of a record at trial.").

Nor has Appellant met his burden to show that his remaining issues are the proper subject of a pretrial habeas proceeding, and we have found no such support. Appellant has not shown that his complaints regarding the arraignment hearing warrant habeas relief. Although he asserts that he was denied counsel during his arraignment hearing, he does not contest the $1,000 bail amount set at such hearing. *See Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978) (noting that habeas proceeding is the proper method for challenging the denial or excessiveness of bail). And to the extent that Appellant presented a facial challenge to the constitutionality of articles 14.01(b) and 14.03 of the code of criminal procedure, the constitutionality of warrantless arrests for offenses committed within an officer's view is well-established. *Crippen v. State*, 189 S.W. 496, 497 (Tex. Crim. App. 1916).

Even if we were to interpret his jurisdictional complaint as a proper subject of habeas relief, it is without merit. *See Puente v. State*, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002) (noting that a jurisdictional defect may be raised at any time and suggesting it could be raised on a writ of habeas corpus). Appellant argued that he is exempt from the jurisdiction of the trial court because he is a sovereign citizen of the state. The law is well-established that this argument is

5

frivolous. *See Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 n.10 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op., not designated for publication) (noting cases that have rejected "sovereign citizen" argument); *Barcroft v. County of Fannin*, 118 S.W.3d 922, 926 (Tex. App.—Texarkana 2003, pet. denied) (discussing "sovereign citizen" argument and rejecting it as "at this point in our history, imaginary"); *Alvarez v. State*, No. 03-02-00262-CR, 2003 WL 22095777, at *5 (Tex. App.—Austin 2003, no pet.) (mem. op., not designated for publication) (rejecting "sovereign citizen" argument).

## Conclusion

As we have noted, pretrial habeas relief is an extraordinary remedy. Appellant has failed to show that his claims fall within the "very limited circumstances" in which such relief is warranted. We therefore affirm the trial court's denial of his application.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL: SUDDERTH, C.J.; KERR and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 8, 2018

6

## PRAYER FOR RELIEF

For the above reasons, I, Quincy Blakely respectfully prays that this Court grant this Petition, order briefing and oral argument and decide the issue and advise the Court of Appeals concerning the properly applicable law in Texas and for any further relief to which he may be entitled at law, in equity and under this Court's supervisory power.

Respectfully submitted:
/s/ Quincy Blakely
2701 Little Elm Parkway #100-551
Little Elm, Texas
quincyblakely@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Petitioner's Petition for Discretionary Review has been sent via E-file.Texas.gov, as registered participants, on this the 29th day of May 2018 to the following: Paul Johnson District Attorney.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes and contains 2544 words. This document does comply with the word-count limitations of Tex. R. App. P. 9.4(i) (3).